**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6515**

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

LUKE PREACHER,

        Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:14-hc-02179-FL)

Submitted: September 29, 2015      Decided: October 7, 2015

Before MOTZ and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leza Lee Driscoll, LAW OFFICE OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Michael Bredenberg, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 20, 2014, the Government filed a Certificate of a Sexually Dangerous Person against Luke Preacher, seeking his civil commitment pursuant to 18 U.S.C. § 4248 (2012). Preacher moved to dismiss the proceeding, asserting that he was not in the legal custody of the Bureau of Prisons ("BOP") at the time the Government initiated the civil commitment proceeding. The district court denied the motion and subsequently determined that Preacher qualified as a sexually dangerous person and ordered his commitment to the care and custody of the Attorney General. Preacher appeals, challenging the district court's determination that the Certificate was timely filed.

As Preacher correctly notes, a person must be under the legal custody of the BOP at the time the Government files a Certification of a Sexually Dangerous Person; otherwise, the civil commitment proceeding must be dismissed. United States v. Joshua, 607 F.3d 379, 388 (4th Cir. 2010); see 18 U.S.C. § 4248(a) (providing that civil commitment proceeding may commence against a person "who is in the custody of the Bureau of Prisons"). Thus, for Preacher's commitment under § 4248 to stand, he must have been under both the physical and the legal custody of the BOP on August 25, 2014. We find that he was, and therefore affirm.

2

On April 25, 2000, the Fort Hall Police Department on the Fort Hall Indian Reservation in Idaho arrested Luke Preacher on charges of rape, abduction for defilement, possession of marijuana, and endangering the welfare of a minor child. Preacher pled guilty to rape and was sentenced to nine months' imprisonment.

Preacher subsequently pled guilty in the federal district court to aggravated sexual abuse of a child within Indian Country based on the same conduct for which he pled guilty in the tribal court. The district court sentenced him to 168-months' imprisonment. The district court was silent as to whether the 168-month term was to be served concurrently with or consecutive to the nine-month sentence imposed by the tribal court, but the court did recommend that "the defendant be credited with all time served, including time served through tribal court." On January 5, 2001, the tribal court relinquished authority over Preacher and turned him over to the U.S. Marshals to begin serving his federal sentence.

Preacher contends that, due to the district court's recommendation that he receive credit for all time served, including that served under his tribal sentence, his federal term of imprisonment expired on April 25, 2014, exactly 168 months after his arrest by the Fort Hall Police Department. This argument fails.

3

Assuming Preacher is correct that the district court intended a credit for all nine months of his tribal sentence, this calculation would not be binding on the BOP if not permitted under 18 U.S.C. § 3585(b). District courts lack authority to compute credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Under 18 U.S.C. § 3585(b), the Attorney General, acting through the BOP, makes these calculations. Id. In determining the amount of prior custody credit a defendant is to receive, § 3585(b) directs the BOP to give the defendant credit "for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed; . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b) (emphasis added).

Here, the BOP heeded the district court's recommendation and calculated the credit available to Preacher under § 3585(b). First, the BOP determined that the tribal authorities credited Preacher's nine-month sentence with all of the time served from April 25, 2000, the date of his arrest, until January 5, 2001, the date the tribal court relinquished authority over Preacher. Because Preacher received credit for time served from the Fort Hall Jail, the BOP appropriately determined that Preacher was not entitled any additional prior custody credit against his 168-month federal sentence. See 18 U.S.C. § 3585(b); see also

4

<u>Wilson</u>, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."). Accordingly, Preacher commenced serving his 168-month federal sentence on January 5, 2001. Accounting for good time credit, Preacher's release date was appropriately computed to be October 12, 2014.

In sum, on the date the Government initiated the civil commitment proceeding, August 25, 2014, Preacher was in the physical as well as the legal custody of the BOP. Thus, the district court had authority to proceed with the determination of whether to certify Preacher as a sexually dangerous person. Accordingly, we affirm the district court's order denying Preacher's motion to dismiss the proceeding and therefore affirm the civil commitment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>